FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 19, 2022

SEAN F. McAVOY, CLERK

1
2
3  Allan Margitan Pro Se
   PO Box 328
4  14410 W. Charles Rd.
5  Nine Mile Falls WA 99026
   Telephone: (509) 990-6169
6  e-mail marginel@aol.com
7

8          UNITED STATES DISTRICT COURT
9          EASTERN DISTRICT OF WASHINGTON

| 10 | ALLAN MARGITAN | COMPLAINT FOR DAMAGES |
| 11 | married and acting | |
| 12 | individually | **JURY DEMAND**   2:22-CV-173-TOR |
| 13 | | 1. 42 U.S.C. SECTION 1983: Equal |
| 14 | Plaintiffs, | Protection- Fourteenth Amendment to |
| | | United States Constitution; Article I, §3 of |
| 15 | vs. | the Washington State Constitution "Class of |
| 16 | | one claim" |
| 17 | SPOKANE COUNTY, a | 2. 42 U.S.C. SECTION 1983: Equal |
| 18 | municipal corporation | Protection- Fourteenth Amendment to |
| 19 | | United States Constitution; Article I, §3 of |
| 20 | Defendan | the Washington State Constitution "Class of |
| 21 | ts. | one claim" |
| 22 | | |
| 23 | | 3. Right to due process of law; 42 U.S.C. § |
| 24 | | 1983 Fifth and Fourteenth Amendments to |
| 25 | | the United States Constitution; Article I, § 3 |
| | | of the Washington State Constitution |
| | | 4. Right to due process of law; 42 U.S.C. § |
| | | 1983 Fifth and Fourteenth Amendments |
| | | to the United States Constitution; Article |

COMPLAINT FOR DAMAGES - 1

I, § 3 of the Washington State Constitution

5. Unconstitutional taking; 42 U.S.C. § 1983 Fifth and Fourteenth Amendments to the United States Constitution; "Class of one claim"

6. FIRST STATE CLAIM OF 28 U.S.C. § 1367 - State Law Claim of FAILURE TO ENFORCE CODES AND WASHINGTON LAWS.

7. SECOND STATE CLAIM OF 28 U.S.C. § 1367 - State Law Claim of NUISANCE 28 U.S.C. § 1367 - State Law Claim failure to enforce

## JURY DEMAND

Plaintiff ALLAN MARGITAN, married and acting individually, (hereafter "Margitan"), hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

## INTRODUCTION

COME NOW Plaintiff, ALLAN MARGITAN, married and acting individually, Pro-Se complains against Spokane County as follows:

## I. PARTIES

COMPLAINT FOR DAMAGES - 2

1.1    Plaintiff ALLAN MARGITAN, married and acting individually, (hereafter "Margitan"), at all times mentioned in this complaint is a resident of Spokane County, Washington and owner (jointly with spouse) of Parcels 1 and 3 of Short Plat 1227-00, Spokane County, Washington.

1.2    Defendant Spokane County is a municipal corporation with the capacity to sue and be sued operating in Spokane County, Washington under the color of law of the State of Washington. Employees, agents and representatives of Spokane County have engaged in the acts complained of herein, pursuant to the direction, policies, practices and customs of Spokane County.

## II. JURISDICTION, VENUE

2.1    This is an action for damages pursuant to 42 U.S.C. § 1983 based upon the continuing violations of Margitan's rights under the Fifth and Fourteenth Amendments to the United States Constitution.

2.2    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. §1983 and questions of federal constitutional law.

2.3    This Court has supplemental jurisdiction over Margitan's state law claims pursuant to 28 U.S.C. §1367.

2.4    All parties are located in Spokane County, Washington and all events and conduct complained of herein occurred in the Eastern District of Washington, making venue proper in the Eastern District of Washington.

COMPLAINT FOR DAMAGES - 3

### III. FACTUAL ALLEGATIONS

3.1   On March 2002, Spokane County approved the final plat for Short Plat 1227-00, Spokane County, Washington (hereafter "Short Plat") confirming that the requirements of Spokane County were satisfactorily complied with by the plat developer.

3.2   Spokane County required Short Plat 1227-00, in Spokane County, Washington to include the forty-foot easement with all Parcels being serviced with public water and private septic systems. See attached copy of the Short plat requirements by the Spokane County marked as Exhibit "A" and incorporated by reference.

3.3   The final plat for the Short Plat consisted of three (3) adjacent Parcels, Parcel 1, 2 and 3.

3.4   On the face of the Short Plat, a 40-foot dedicated easement for ingress, egress and utilities was identified for the Parcels in Short Plat 1227-00, as required by Spokane County.  See attached copy of the approved Short Plat marked as Exhibit "A" and incorporated by reference.

3.5   On or about May 1, 2002,  Margitan's neighbors the (Hannas)  purchased their property (Parcel 2 of the Short Plat) located at 14418 W. Charles Road in Nine Mile Falls, Washington and legally described as:

COMPLAINT FOR DAMAGES - 4

Parcel 2, Short Plat 1227-00 as per Plat recording in Volume 18 of Short Plats, Page 3, records of Spokane County; situated in the County of Spokane, State of Washington.
Tax Parcel No. 17274.9109.

3.6     The dedicated 40-foot easement of the Short Plat runs along the southern side of Parcel 2.

3.7     Margitan's neighbor, Hanna, lost his dad on March 2, 1980 when he was working as a Fireman Captain for Spokane County investigating an unsolved arson fire that is now the location of Spokane County Transit Authority.

3.8     Numerous times since 2002, Hanna stated that Spokane County would do anything for him and that no Spokane County Judge would rule against him since he had lived his life without a dad.

3.9     October 2003, Spokane County granted Hannas a certificate of occupancy for their home which included a ground source geothermal heating system. See attached copy of Spokane County Building Inspection Report marked as Exhibit "B" and incorporated by reference.

3.10    Spokane County has the exclusive authority and duty in Spokane County to regulate and approve residential heating systems in Spokane County, Washington.

COMPLAINT FOR DAMAGES - 5

3.11    Spokane County must comply with the International Mechanical Code which has been updated through the years but has always required all heating appliances to comply with the manufacture's installation instructions.

3.12    On February 1, 2010 Margitans' purchased their rental property (Parcel 3) located at 14404 W. Charles Road in Nine Mile Falls, Washington and legally described as:

> Parcels 3, Short Plat 1227-00 as per Plat recording in Volume 18 of Short Plats, Page 3, records of Spokane County; situated in the County of Spokane, State of Washington. Tax Parcel No. 17274.9110.

3.13    The Margitan's only access for egress, ingress and utilities for Parcels 3 is through the deeded 40-foot easement running along the southern side of Hannas' Parcel 2.

3.14    Shortly after purchasing Parcels 3, Margitan began remodeling an existing home on the property to convert it to a high-end rental property.

3.15    On or about September 2, 2012, Hannas filed a complaint in Spokane County Superior Court against Margitan making multiple requests of the Court. One request was to have the Court reduce the width of the 40-foot easement to 20 feet as it runs along the southern side of Parcel 2.  They asked the court to have Margitans remove their residence on Parcel 3.  They asked the Court to grant them an easement through Margitan's property to

COMPLAINT FOR DAMAGES - 6

their newly purchased former-Wickholm-property which is adjacent to Hannas' Parcel 2.

3.16    During the course of discovery litigation, the Margitans discovered Hannas' septic system drain field was located within the 40-foot easement where Margitan's utilities (electric, telephone and drinking water line [water supply line]) are located.

3.17    May 2013, Margitan's remodel was ready for a Certificate of Occupancy inspection (final inspection). Margitan informed Tim Utley of Spokane County that Hannas' septic system "as-built" revealed that the drain field on Hannas' property was installed within the same 40 foot easement that Margitan's drinking water line is placed. It was at this time that Tim Utley of Spokane County refused to perform a final inspection. See attached copy of the as-built drawing marked as Exhibit "C" and incorporated by reference.

3.18    Hannas' septic drain field being located within the 40-foot easement is a violation of Washington Administrative Code (WAC) 246-272A-0210, which mandates that a drain field be setback at a minimum of five (5) feet from any easement line.

3.19   July 2013, Margitan informed Spokane County and Spokane Regional Health District (SRHD), the enforcement agency of drain fields in Spokane County, about Hannas' drain field violation.

3.20   Between May 2013 and September 2014, Mr. Utley of Spokane County refused to provide Margitan with a final inspection for a Certificate of Occupancy claiming that Spokane County had no actual knowledge that the separation between Margitan's drinking water line and Hannas' drain field was at least the 10 feet separation required by Washington State law.

3.21   Mr. Utley explained to Margitan that renting the home would not be wise since there would be a risk of endangering human life.

3.22   On October 2013, without the knowledge of the Margitans, SRHD and Hannas entered into an agreement regarding the drain field within Margitan's easement. One provision of the agreement was that if it was discovered that the drain field imposed a health risk, Hannas would be required to remove the drain field immediately. Paragraph 2.1 of the agreement stated:

> Within thirty (30) days of the conclusion of the litigation regarding the existence and location of the easements on the Subject Property, Hannas shall submit an Application to SRHD to relocate the septic system or otherwise bring the on-site sewage system into compliance with the rules and regulation existing at the time of application.

COMPLAINT FOR DAMAGES - 8

See attached copy of the SRHD/Hanna agreement marked as Exhibit "D" and incorporated by reference.

3.23    SRHD denied Hannas' only option to bring the on-site sewage system into compliance with the rules and regulations existing at the time of application. As per the SRHD/Hanna agreement, Hannas were now required to "relocate" the septic system from Margitan's easement.

3.24    Spokane County had full knowledge that SRHD had allowed Hannas to install their septic system within Margitan's easement. See attached excerpts of Mr. Utley's testimony during the state trial. Marked as Exhibit "E" and incorporated by reference.

3.25    After many requests by Margitan for a final inspection, on September 3, 2014 Tim Utley of Spokane County finally agreed to provide a Certificate of Occupancy inspection for Margitan's rental home. Just as Mr. Utley had stated many times, he denied Margitan's Certificate of Occupancy due to Hannas' septic system drain field being within the same 40 foot utility easement as Margitan's drinking water line.    Mr. Utley stated on the correction notice:

> 1) You have notified us of encroachment of a septic drain field into the restricted zone of your water supply line which you claim endangers your potable water supply. You have

also provided us corroboration of the issue through copies of SRHD documentation. A certificate of occupancy can be issued upon receipt of documentation. (SRHD and/or water purveyor accepting the waterline and its adequacy for residential use.

See attached copy of the denied occupancy inspection marked as Exhibit "F" and incorporated by reference.

3.26   After almost 3 years of litigation, on April 22, 2015 the first day of trial, Hannas withdraw their complaint against Margitans. The Court granted Hannas request to dismiss their complaint with prejudice but Margitans continued their counter claim against Hannas.

3.27   June 8, 2016, Tim Utley of Spokane County called Margitan on his private personal cell phone to inform him that he was sorry. Mr. Utley explained that he was called into to his boss's office and he was <u>instructed on what to say at his upcoming SRHD deposition</u>. See Declaration of Margitan Dec. ¶ "1" and incorporated by reference.

3.28   June 9, 2016 Utley testified at SRHD's requested deposition. For the first time, Mr. Utley contradicted his September 3, 2014 written correction notice. He stated that he didn't grant Margitan a Certificate of Occupancy because the water was not turned on.

3.29   In discovery on June 15, 2016, Mr. Hanna testified at an SRHD's requested deposition that the Hanna's drain field was 14 feet from Margitan's

COMPLAINT FOR DAMAGES - 10

drinking water line. See attached copy of the Mr. Hannas' testimony marked as Exhibit "G" and incorporated by reference.

3.30  Mr. Hanna testified that he placed flags to locate the perimeter the drain field. See attached photos marked as Exhibit "H" and incorporated by reference that displays the flags Mr. Hanna testified marked the perimeter of the drain field.

3.31  Washington Administrative Code (WAC) 246-272A-0210 mandates that a drain field be a minimum of ten (10) feet from a potable water line.

3.32  August 8, 2016 Utley testified in the State jury trial. For the first time he disclosed that the Certificate of Occupancy denial he issued on September 3, 2014 was in fact drafted by his boss prior to leaving the office and performing the inspection. Utley confirmed the denial failed to truly outline what Margitans were required to do in order to obtain a Certificate of Occupancy for their rental home.  See attached copy of Mr. Utley's testimony during the State trial marked as Exhibit "I" and incorporated by reference.

3.33  Each party and all witnesses were instructed by the state trial court Judge not to assemble in the hallway between the elevator and the court room in order to avoid the jurors. In told disregard for the Judge's instructions, on August 8, 2016, Inspector Utley, Spokane County attorney Dan Catt, Hanna

COMPLAINT FOR DAMAGES - 11

and Hanna's counsel were in the exact location they had been instructed to avoid.    See attached photos marked as Exhibit "J" and court transcript marked as Exhibit "J" incorporated by reference

3.34    After the Court's recess, counsel for Margitan informed the State Court Judge that Hannas and Spokane County employees were assembled in the exact location in which he had instructed them not to assemble. The State Court stated: "*When? When? Not Where; When*?" The State Court Judge did not want to hear anything about this. In fact, the Court sanctioned Margitan for bringing up the issue of where Spokane County employees and Hannas were assembled. Excerpts of court transcript marked as Exhibit "K" incorporated by reference

3.35    November 1, 2016, Spokane County Superior Court Judge James M. Triplet entered his ruling in case # 15-2-00545-1 on Margitan's Summary Judgment request. The Order allowed Margitan to install a replacement water line outside the current road bed but within the 40 foot easement. Order marked as Exhibit "L" and incorporated by reference.

3.36    Due to the Jury verdict on November 2, 2016, Hannas entered into Federal Bankruptcy protection. (16-03437-FPC11)

3.37    November 18, 2016, Spokane County Superior Court Judge James M. Triplet informed Margitans and Hannas that he would take no further action

COMPLAINT FOR DAMAGES - 12

on the two pending cases between Margitans and Hannas. See attached Judge James M. Triplet's letter marked as Exhibit "M" and incorporated by reference.

3.38  Over the years, Spokane County has had multiple communications with SRHD regarding how Spokane County could grant a Certificate of Occupancy for Margitan's rental home due to Hannas' drain field being in Margitan's easement.

3.39  Since mid 2013 Tim Utley of Spokane County was very adamant that Margitans should not rent their rental home because of knowledge of code violations. See Declaration of Margitan Dec. ¶ "2" and incorporated by reference.

3.40  On August 9, 2017, Bankruptcy Court approved Hannas' Chapter 11 plan. It restricted Margitans' use of their 40 foot easement to the current narrow road bed. See attached order marked as Exhibit "N" and incorporated by reference.

3.41  On August 24, 2017, Tim Utley of Spokane County informed Margitan that he could grant the certificate of occupancy based upon the fact that SRHD had informed Spokane County that Margitan's drinking water line is more than the required ten (10) feet from Hannas' drain field. See attached Declaration of Allan Margitan ¶ "3" and incorporated by reference.

COMPLAINT FOR DAMAGES - 13

3.42  During the certificate of occupancy inspection Margitan informed Tim Utley of Spokane County that Hannas had abandoned their drain field in their easement. Mr. Utley informed Margitan that it didn't matter to him since his only concern was that he was satisfied that Hannas' abandoned drain field was more than the 10 feet from Margitan's drinking water line. Declaration of Allan Margitan ¶ "4" and incorporated by reference.

3.43  On August 24, 2017, Tim Utley of Spokane County intentionally and negligently failed to verify the actual separation distance between Hannas' drain field and Margitan's drinking waterline before he granted a Certificate of Occupancy permit for Margitan's high end rental home. See attached copy of Certificate of Occupancy permit marked as Exhibit "O" and incorporated by reference.

3.44  Over the years Tim Utley of Spokane County provided several declarations at Hannas' and SRHD's request to be used against Margitan. These declarations were intended to aid SRHD and Hanna in their litigation against Margitan.

3.45  On October 11, 2017, Margitans brought an action in Spokane Superior Court against Spokane County for interfering with Margitan's litigation claim against Hannas and SRHD and the misleading final inspection report.

COMPLAINT FOR DAMAGES - 14

3.46  During pretrial settlement negotiations with Spokane County, Margitan requested Spokane County have Tim Utley present a declaration to the Bankruptcy Court explaining the importance of establishing the actual seperation between Hannas' abandoned drain field and Margitan's drinking water line. Margitan made it very clear to Spokane County that Mr. Hannas' statements of the actual seperation distance had not been verified and that every Court had prohibited Margitan from verifying the actual seperation distance, even Hannas' Bankruptcy plan prohibited Margitan from locating the actual seperation distance. Spokane County refused Margitan's request for Tim Utley of Spokane County to prepare a declaration. See attached Declaration of Allan Margitan ¶ "5".

3.47  July 2018, Margitans and Spokane County agreed to settle the State dispute prior to trial. Spokane County was well aware that Margitans had been prohibited by the Courts and still were prohibited by Hanna's bankruptcy to establish the actual separation distance between the Hanna drain field and Margitan's drinking water line.

3.48  November 8, 2018, over strong objections of Hannas, the Bankruptcy Court granted Margitan permission to install additional utilities outside the narrow roadbed but within Margitan's 40 foot easement. See attached order marked as Exhibit "P" and incorporated by reference.

COMPLAINT FOR DAMAGES - 15

3.49   The Bankruptcy Court's Order was the first time any Court had granted Margitan's request to dig outside the narrow road bed.

3.50   On May 16, 2019, while Margitan was excavating to install a replacement drinking water line and security line within the 40 foot easement, Margitan discovered that the Hanna drain field was not in the location in which Mr. Hanna testified. The actual separation distance was less than the 10 feet required by Washington State law. Mr. Hanna testified to the location of the drain field.  He testified he marked it with flags. See Exhibit "H" photos taken by Mr. Hanna displaying the area he flagged and Exhibit "Q" photos of the May 16, 2019 excavation which disclosed the actual location of the Hannas' drain field incorporated by reference.

3.51   May 16, 2019, Margitan informed Tim Utley of Spokane County and Spokane County Building and Planning that the very reason in which Mr. Utley stated he could grant the Certificate of Occupancy was incorrect.  See attached copy of letter to Mr. Utley and Spokane County marked as Exhibit "R" and incorporated by reference.

3.52   After a July 9, 2019 excavation, in an attempt to skirt around the Hanna's drain field, Margitan discovered that his drinking water line is only 3 ½ feet horizontally away and 46 inches deeper than Hannas' drain field. Margitan informed Spokane County that Margitan's drinking water line sits in damp

COMPLAINT FOR DAMAGES - 16

soil which smells like sewer. Margitan also reminded Mr. Utley of Spokane County that the Certificate of Occupancy was granted on an incorrect seperation distance. See attached copy of letter to Mr. Utley and Spokane County marked as Exhibit "S" and incorporated by reference.

3.53    Washington Administrative Code (WAC) 51-50 requires Spokane County to comply with International Residential Code and the International Mechanical Code and portions of the International Building Code.

3.54    The International Residential Code **R101.3 "Intent"** states:

> *The purpose of this code is to establish minimum requirements to safeguard the public safety, health and general welfare through affordability, structural strength, means of egress facilities, stability, sanitation, light and ventilation, energy conservation and safety to life and property from fire and other hazards attributed to the built environment, and to provide safety to fire fighters and emergency responders during emergency operations.*

3.55    The International Residential Code **R110.1 "Use and Occupancy"** states:

> *A building or structure shall not be used or occupied, and a change of occupancy or change of use of a building or structure or portion thereof shall not be made, until the building official has issued a certificate of occupancy therefor as provided herein. Issuance of a certificate of occupancy shall not be construed as an approval of a violation of the provisions of this code or of other ordinances of the jurisdiction. Certificates presuming to give authority to violate or cancel the provisions of this code or other ordinances of the jurisdiction shall not be valid.*

3.56    The International Residential Code **R110.5 "Revocation"** states:

COMPLAINT FOR DAMAGES - 17

1
2
3
4

*The building official shall, in writing, suspend or revoke a certificate of occupancy issued under the provisions of this code wherever the certificate is issued in error, or on the basis of incorrect information supplied, or where it is determined that the building or structure or portion thereof is in violation of any ordinance or regulation or any of the provisions of this code.*

5
6
7

3.57    The International Plumbing Code that Spokane County must comply with states at **Section 603.2.1**:

8
9
10
11

**Water service near sources of pollution.** *Potable water service pipe shall not be located in, under or above cesspools, septic tanks, septic tank drainage fields or seepage pits. Where soil or ground water causes contaminated conditions for piping, analysis shall be required in accordance with Section 605.1.*

12
13

And **Section 605.1** states:

14
15
16
17
18
19
20
21

*The installation of a water service or water distribution pipe* **shall be prohibited in soil** *and ground water contaminated with solvents, fuels,* **organic compounds** *or other detrimental materials causing permeation, corrosion, degradation or structural failure of the piping material. Where detrimental conditions are suspected, a chemical analysis of the soil and ground water conditions shall be required to ascertain the acceptability of the water service or water distribution piping material for the specific installation. Where detrimental conditions exit, approved alternative materials or routing shall be required.* (emphasis added)

22
23

3.58    Tim Utley of Spokane County for many years had told Margitan that his job required investigating **all** reported code and law violations in his inspection area of Spokane County. See attached Declaration of Allan Margitan ¶ "6".

24
25

COMPLAINT FOR DAMAGES - 18

3.59   Spokane County treated Margitan's differently than others in Spokane County by failing to even investigate Margitan's reported violations. Spokane County's actions were irrational and vindictive towards Margitan by intentionally ignoring the code violations to aid SRHD and Hannas. Spokane County's treated Margitan different than others in Spokane County. Spokane County's intentional actions of differential treatment towards Margitan failed to provide equal protection to Margitan as Spokane County provides to others.

3.60   August 7, 2019, John Pederson of Spokane Building and Planning responded to Margitan's letters. Mr. Pederson stated that when a building permit was issued evidence was provided of potable water when they issued a building permit per RCW 19.27.097. Marked as Exhibit "T" and incorporated by reference.

3.60   September 20, 2019 the Margitans brought an action against Spokane Regional Health District in the Eastern District of Washington.

3.61   Late October 2019 Margitan was served by Hannas in a state claim for the July 9, 2019 excavation claiming Margitan damaged Hannas' non-locatable geothermal pipes installed within Margitan's easement. Hannas testified that they didn't have any knowledge that their geothermal pipes were installed Margitan's easement until Margitan unearthed it. In the Hannas'

COMPLAINT FOR DAMAGES - 19

2019 litigation, Hannas informed Margitan that Spokane County had approved Hannas' geothermal system which was just discovered in Margitan's easement.

3.62    September 4, 2019, Spokane County sent Margitan a letter stating that Spokane County has no jurisdiction between the water meter at Charles Road and the Margitan's rental. See attached letter marked as Exhibit "U" and incorporated by reference.

3.63    November 12, 2019 Margitan informed John Peterson of Spokane County that Spokane County had negligently approved Hannas' ground source geothermal pipes only 2 feet from Margitan's drinking water line. Spokane County never responded to Margitan's November 12, 2019 letter. See attached Margitan letter marked as Exhibit "V" and incorporated by reference.

3.64    Again, Spokane County treated Margitan different than others in Spokane County by not even investigating Margitan's safety complaints. Margitan's reported violations were the exact type of violations that Tim Utley of Spokane County had told Margitan for years that would prevent him from providing a Certificate of Occupancy. In fact Spokane County never responded to Margitan's November 2019 complaint. See attached Declaration of Allan Margitan ¶ "7".

COMPLAINT FOR DAMAGES - 20

3.65    Spokane County must also comply with the "International Mechanical Code" INSTALLATION chapter:

> 304.1 General. Equipment and appliances shall be installed as required by the terms of their approval, in accordance with the conditions of the listing, the manufacturer's installation instructions and this code. Manufacturer's installation instructions shall be available on the job site at the time of inspection.

3.66    WaterFurnace, Hannas' geothermal heating manufacturer, requires that geothermal horizontal pipe loops be installed at least 5 feet or more from other utilities but recommends 10 feet in areas like Spokane. See the declaration of Carl F. Huber, Professional Engineer, Vice President Corporate Quality & Sustainability, WaterFurnace, paragraph 6. WaterFurnace's publication, WF395, outlines the requirements that Spokane County is required to enforce in order to comply with the codes. See declaration of Huber, which also has an Exhibit "A" incorporated by reference.

Mr. Huber stated at paragraph 8 of his declaration regarding his December 14 and 15, 2021 inspection of the geothermal pipes that Spokane County allowed Hannas' to install in Margitan's easement:

> **Based upon my onsite inspection I determined:**
> a) That multiple geothermal pipes where intentionally installed in the easement. Before geothermal pipes are installed a layout must be designed and calculated to insure that the area for the geothermal pipe loops will be sufficient for the specific system it

COMPLAINT FOR DAMAGES - 21

supports. The size of the geothermal unit in this home required multiple geothermal loops of pipe to be installed. The unit in this home required the use of all the area to the west of the home including a large portion of the easement.

b) The geothermal pipes were not installed to Accordance to WaterFurnace installation manuals. WaterFurnace requires geothermal pipes to be installed atleast 5 feet from utilities including septic systems, water lines, telephone lines, foundations and easements, but in the northern areas like Spokane WaterFurnace recommends 10 feet of seperation between geothermal pipes and water lines.

c) I found the geothermal pipes as close as 2 ½ feet from the water line and phone line that serve parcel 3 of the plat. The 2 ½ foot seperation is unacceptable for the safety of the water line.

d) Given that the geothermal pipes were installed too close to the present water line. The geothermal pipes have damaged or will damage the water line by freezing the water within it. Once the water line freezes no water will flow to parcel 3 until the water pipe thaws.

See declaration of Huber, incorporated by reference

3.67 Randy Hastings the President of R&R was the installer of Hannas' geothermal pipes in Margitan's easement. Mr. Hastings agrees with Mr. Huber that the recommendation of 5 seperation is for "Safety". Mr. Hastings testified on June 23 that:

> 5 Q. Okay. Now, it's my understanding that
> 6 WaterFurnace recommends a 5-foot separation
> 7 between geothermal lines and in-ground utilities,
> 8 like a water line and those kind of things.
> 9 A. Okay.
> 10 Q. Is that a standard practice at R & R to

COMPLAINT FOR DAMAGES - 22

11 do that?
12 A. I would think so, typically. We don't
13 want to get within 5 feet of utilities. You're
14 talking power and telephone and stuff like that,
15 so yeah. It's not that it -- you couldn't get
16 closer if you wanted to. But, yeah, typically we
17 don't go to closer than 5 feet for power lines and
18 utilities.
19 Q. Okay. Do you know why they make a
20 recommendation of 5 feet separation?
21 A. **Safety**. (emphasis added)

Page 12 Line 5 of Mr. Hastings deposition marked as Exhibit "X" and incorporated by reference.

3.68  The Washington State Department of Health and Washington State Department of Ecology Pipeline Separation guide states that non-potable water lines and drinking water lines must be separated by at least 10 feet. See excerpts of guide marked as Exhibit "Y" and incorporated by reference.

3.69  The International Residential Code **R102.1 "General"** addresses the issue when there is a conflict between a general requirement and a specific requirement.  If there is a conflict of codes, the most restrictive code shall govern.

3.70  Spokane County failed to require Hannas to comply with the manufactures instructions by having at least 5 feet seperation between Margitan's drinking water line and Hannas' geothermal pipes. Margitan's drinking water line has only 2 feet of seperation from Hanna's geothermal pipes.

COMPLAINT FOR DAMAGES - 23

3.71 Due to the insufficient seperation distance, Margitan's drinking water line freezes in the winter when Hannas' geothermal pipes are extracting heat from the earth to heat the Hannas' home.  See attached Declaration of Carl Huber ¶ 6.

3.72 Spokane County has full knowledge that Margitan must comply with RCW 59.18.060:

> Maintain the premises to substantially comply with any applicable code, statute, ordinance, or regulation governing their maintenance or operation, which the legislative body enacting the applicable code, statute, ordinance or regulation could enforce as to the premises rented if such condition endangers or impairs the health or safety of the tenant...

RCW 59.18.060(11) requires Margitan to:

> Provide facilities adequate to supply heat and water and hot water as reasonably required by the tenant...

3.73 Spokane County is well aware that it is impossible to provide adequate water and hot water with a frozen water supply line.

3.74 Spokane County treated Margitan differently than others in Spokane County by intentionally failing to investigate Margitan's complaint. Spokane County also treated Margitan differently than others in Spokane County by intentionally failing to protect Margitan's drinking water line as required by Washington law which Spokane County has the duty to enforce. Once reported to Spokane County, they did nothing. They did not

COMPLAINT FOR DAMAGES - 24

even respond. This was irrational and vindictive towards Margitan by intentionally ignoring the codes in order to aid Hannas.

3.75   Spokane County's intentional actions of differential treatment towards Margitan failed to proved equal protection to Margitan as others in Spokane County are provided.

3.76   The violations Margitan reported to Tim Utley and Spokane County were the exact type of violations that Tim Utley had explained to Margitan were required daily duties of his job. Tim Utley of Spokane County had told Margitan for years that he would not provide a Certificate of Occupancy due to these exact type of reported violations. See attached Declaration of Allan Margitan ¶ "6".

3.77   Margitan was justified to be concerned for the health and safety violations and the validly of his Certificate of Occupancy Permit, Margitan requested that Spokane County investigate his concerns of code violations.

3.78   All of Spokane County's Commissioners are on the board of SRHD.

3.79   Washington State Legislators have required Spokane County to comply with RCW 19.27.020 which states:

**Purposes—Objectives—Standards.**
The purpose of this chapter is to promote the health, safety and welfare of the occupants or users of buildings and structures and the general public by the provision of building codes throughout the state.

COMPLAINT FOR DAMAGES - 25

Accordingly, this chapter is designed to effectuate the following purposes, objectives, and standards:

(1) To require minimum performance standards and requirements for construction and construction materials, consistent with accepted standards of engineering, fire and life safety.

(2) To require standards and requirements in terms of performance and nationally accepted standards.

(3) To permit the use of modern technical methods, devices and improvements.

(4) To eliminate restrictive, obsolete, conflicting, duplicating and unnecessary regulations and requirements which could unnecessarily increase construction costs or retard the use of new materials and methods of installation or provide unwarranted preferential treatment to types or classes of materials or products or methods of construction.

(5) To provide for standards and specifications for making buildings and facilities accessible to and usable by physically disabled persons.

(6) To consolidate within each authorized enforcement jurisdiction, the administration and enforcement of building codes.

3.80   Spokane County should have complied with Washington laws and revoked Margitan's Certificate of Occupancy.  Spokane County intentionally failed to act in order to aid and thereby protect SRHD and Hanna in their litigation against Margitan.

3.81   On October 30, 2019, and again on November 20, 2019, Margitan informed Spokane County Clerk that Hannas had exited bankruptcy protection. Margitan requested that Spokane County schedule Margitan's cause number 15203507-4 against Hannas. See attached Declaration of Allan Margitan paragraph ¶ 8.

COMPLAINT FOR DAMAGES - 26

3.82   On December 12, 2019, Margitan again informed Spokane County Clerk that Hannas had exited bankruptcy protection and requested that Spokane County schedule Margitan's cause number 15203507-4 against Hannas. See attached letter marked as Exhibit "Z" and incorporated by reference.

3.83   It was important to have this case scheduled because during bankruptcy Hannas continued to access the former Wickholm property as if they had prevailed in the dismissed-with-prejudice 2012 litigation.

3.84   Spokane County ignored all of Margitan's requests to schedule a judge.

3.85   Since more than a year had passed since Margitan's first request on October 2, 2020, Margitan   filed a motion to have the Spokane County Clerk schedule a judge to handle Margitan's cause number 15203507-4 against the Hannas because Judge Triplet passed away.

3.86   Spokane County treated Margitan's differently than others in Spokane County by failing to schedule Margitan's cause number 15203507-4 against Hannas. Spokane County's actions were irrational, intentional and vindictive towards Margitan with the intent to violate Margitan's due process and legal rights to protect his property. Spokane County's treatment against Margitan is different than all others in Spokane County.

3.87   On July 14, 2021, in case number 15-200545-1, Margitan filed a motion to have the Court enter its Ruling/Order on Margitan's CR 11 motion against Hannas. See attached Declaration of Allan Margitan ¶ "9".

3.88   In response to Margitan's motion for an Order, Spokane County informed Margitan that case number 15-200545-1 had been closed on December 20, 2019 after an Ex Parte action. Spokane County Superior Court secretively closed the case. Spokane County provided no notice it intended to close the case. Spokane County provided no notice it had closed the case. Spokane County closed the case without entering an Order on Margitan's CR11 Sanction request against Hannas. Spokane County deprived Margitan of his Due Process. See attached Declaration of Allan Margitan ¶ "10".

3.89   The Constitution of the State of Washington Article IV Section 20 states:

> SECTION 20 DECISIONS, WHEN TO BE MADE. Every cause submitted to a judge of a superior court for his decision shall be decided by him within ninety days from the submission thereof; Provided, That if within said period of ninety days a rehearing shall have been ordered, then the period within which he is to decide shall commence at the time the cause is submitted upon such a hearing.

3.90   Spokane County Superior Court intentionally, secretively closed the case so Margitan would not be put on notice that the 30 day appeal timeline had started to run.

COMPLAINT FOR DAMAGES - 28

3.91    Spokane County Superior Court deprived Margitan of his ability to timely file an appeal.    Spokane County entirely took Margitan's appeal rights away.

3.92    Spokane County treated Margitan's differently than others in Spokane County by failing to enter an Order as required by the Constitution of Washington State.

## IV. SUMMARY OF COMPLAINT

Spokane County Building and Planning has ignored its very purpose of existence to ensure safety of homes. Spokane County has ignored its legal duties and responsibilities in order to aid Spokane Regional Health District (SRHD) and Hannas, who happens to be a family member of a deceased Spokane County employee. Spokane County failed to provide Margitan with equal protection. Spokane County in its actions failed to provide Margitan with due process.  Spokane County in its vindictive actions treated Margitan differently than all other persons within their jurisdiction causing great harm to Margitan.

## V. FIRST CAUSE OF ACTION
**42 U.S.C. SECTION 1983: Equal Protection-**
**Fourteenth Amendment to United States Constitution;**
**Article I, §3 of the Washington State Constitution**
**"Class of one claim"**
**Inadequate separation distance between a septic system drain field**
**and Margitan's  drinking water line issue**

COMPLAINT FOR DAMAGES - 29

(Spokane County intentionally failed to investigate and revoke Margitan's Certificate of Occupancy due to code violations)

4.1    Margitan realleges, as if fully set forth, each and every allegation contained in the preceding paragraphs 1 through 3.92, and the preceding paragraphs are to read in conjunction with the allegations in this Count. Margitan further allege as follows:

4.2    Spokane County, their employees and agents acted intentionally under color of law to deny Margitan equal protection of the law in violation of his Fourteenth Amendment of the United States Constitution and Article I, §3 of the Washington State Constitution.

4.3    Specifically, Spokane County acting intentionally under color of law, refused to revoke Margitan's Certificate of Occupancy as required by codes including the International Residential Code.

4.4    Mr. Utley informed Margitan on August 24, 2017 that he was able to grant Margitan a Certificate of Occupancy because Margitan's drinking water line was 14 feet away from Hanna's drain field. (4 feet more than required by state law.)

4.5    On May 16, 2019, Margitan reported to Spokane County that the Margitan's drinking water line was not 14 feet from Hanna's septic drain field as SRHD had claimed.

COMPLAINT FOR DAMAGES - 30

4.6    On July 19, 2019, Margitan reported to Spokane County that the Margitan's drinking water line was only 3 ½ feet horizontally away from Hannas' drain field. Margitan also reported to Spokane County that his water line sat in damp soil that smells like sewer.

4.7    Spokane County acted intentionally under color of law, failing to investigate and enforce or comply with the International Residential Code, International Plumbing Code, State laws, Washington Administrative Code, and other codes thus endangering Margitan's health and safety.

4.8    Spokane County intentionally treated Margitan differently than others similarly situated in Spokane County. Spokane County is required to enforce the International Residential Code and other codes which state that Spokane County shall revoke all Certificate of Occupancies which were granted on "incorrect information".

4.9    Spokane County intentionally treated Margitan differently than others similarly situated in Spokane County. Spokane County is required to enforce the International Plumbing Code which prohibits a drinking water line to be installed near sources of pollution and in soils that are contaminated with organic compounds. In fact, Spokane County intentionally treated Margitan differently after the violation was reported to Spokane County. The County responded with its September 4, 2019 letter

COMPLAINT FOR DAMAGES - 31

stating that Spokane Count had no jurisdiction between the utilities meter and Margitan's residence. Spokane County intentionally treated Margitan differently than others similarly situated in Spokane County by informing Margitan it they did not regulate the safety of Margitan's drinking water line.

4.10    Spokane County intentionally treated Margitan differently than others similarly situated in Spokane County, Washington, by knowingly and intentionally allowing violations of the Internal Mechanical Code, International Residential Code, International Plumbing Code, and Washington Administrative Code impacting Margitan's health and safety.

4.11    Spokane County's intentional acts had no rational basis. Spokane County treated Margitan differently than others similarly situated in Spokane County by ignoring known violations, placing Margitan at risk constituting a "Class of one".

4.12    Spokane County's intentional acts were intended to aid Spokane Regional Health District and Hannas in their litigation against Margitans.

4.13    Spokane County's intentional acts were objectively unreasonable and were undertaken intentionally with willful indifference to Margitan's constitutional rights.

COMPLAINT FOR DAMAGES - 32

4.14   As a result of Spokane County's intentional acts referenced above, Margitan suffered injuries, including, but not limited to, unwarranted and unnecessary health risks, increased legal fees, lost of rents, reduced use of property, and a garden variety of emotional distress. Margitan's emotional distress is the same as any reasonable person would experience when a government agency has intentionally acted as alleged in this complaint. Margitan received no health care treatment or mental health counseling nor asserts it will be necessary in the future as a result of emotional distress caused by Spokane County's intentional actions. Since Margitan has not required medical treatment or mental health counseling for the emotional distress caused by Spokane County, Margitan will not claim any physical damages and will not present any expert testimony regarding emotional distress. Damages to be determined at trial.

### VI. SECOND CAUSE OF ACTION
**42 U.S.C. SECTION 1983: Equal Protection-**
**Fourteenth Amendment to United States Constitution;**
**Article I, §3 of the Washington State Constitution**
**"Class of one claim"**
**Inadequate separation distance between Hannas' geothermal pipes**
**and Margitan's drinking water line**
(Spokane County intentionally failed to investigate and revoke Margitan's
Certificate of Occupancy due to unsafe drinking water or no drinking water)

COMPLAINT FOR DAMAGES - 33

5.1    Margitan realleges, as if fully set forth, each and every allegation contained in the preceding paragraphs 1 through 4.14, and the preceding paragraphs are to read in conjunction with the allegations in this Count. Margitan further alleges as follows:

5.2    November 12, 2019 Margitan informed John Peterson of Spokane County that Spokane County had negligently approved Hannas' ground source geothermal pipes only 2 feet from Margitan's drinking water line.

5.3    Spokane County never responded to Margitan's November 12, 2019 letter or investigate Margitan's complaint.

5.4    WaterFurnace published the seperation requirements that Spokane County is required to enforce between Hannas' geothermal pipes and Margitan's drinking water line.

5.5    Margitan's drinking water line froze due to Spokane County's failure to enforce and intentionally deciding not to perform its duty to comply with the International Mechanical Code and other codes.

5.6    Spokane County, their employees and agents acted intentionally under color of law to deny Margitan equal protection of the law in violation of his Fourteenth Amendment of the United States Constitution and Article I, §3 of the Washington State Constitution.

COMPLAINT FOR DAMAGES - 34

5.7    Specifically, Spokane County acting intentionally under color of law, refused to revoke Margitan's Certificate of Occupancy as required by codes, including the International Residential Code and International Mechanical code.

5.8    Spokane County acted intentionally under color of law, failing to investigate and enforce the International Residential Code, International Plumbing Code, State laws, Washington Administrative Code. Spokane County ignored the recommendations of the Washington State Department of Heath/Washington State Department of Ecology Pipeline Separation Guide and other codes thus endangering Margitan's health and safety.

5.9    Spokane County intentionally treated Margitan differently than others similarly situated in Spokane County. Spokane County is required to enforce the International Residential Code and other codes which state that Spokane County shall revoke all Certificate of Occupancies which were granted on "incorrect information".

5.10    Spokane County intentionally treated Margitan differently than others similarly situated in Spokane County. Spokane County is required to enforce the International Plumbing Code which prohibits a drinking water line to be installed near sources of pollution and in soils that are contaminated with organic compounds. In fact, Spokane County

COMPLAINT FOR DAMAGES - 35

intentionally treated Margitan differently after the violation was reported to Spokane County. The County responded with its September 4, 2019 letter stating that Spokane Count had no jurisdiction between the utilities meter and Margitan's residence. Spokane County intentionally treated Margitan differently than others similarly situated in Spokane County by informing Margitan it did not regulate the safety of Margitan's drinking water line.

5.11    Spokane County intentionally treated Margitan differently than others similarly situated in Spokane County, Washington, by knowingly and intentionally allowing violations of the International Mechanical Code, International Residential Code, International Plumbing Code, and Washington Administrative Code impacting Margitan's health and safety.

5.12    Spokane County's intentional acts had no rational basis. Spokane County treated Margitan differently than others similarly situated in Spokane County by ignoring known violations, placing Margitan at risk constituting a "Class of one".

5.13    Spokane County's intentional acts were intended to aid the Hannas in their litigation against Margitans.

5.14    Spokane County's intentional acts were objectively unreasonable and were undertaken intentionally with willful indifference to Margitan's constitutional rights.

COMPLAINT FOR DAMAGES - 36

5.15 As a result of Spokane County's intentional acts referenced above, Margitan suffered injuries, including, but not limited to, unwarranted and unnecessary health risks, increased legal fees, loss of rents, reduced use of property, and a garden variety of emotional distress. Margitan's emotional distress is the same as any reasonable person would experience when a government agency has intentionally acted as alleged in this complaint. Margitan received no health care treatment or mental health counseling nor asserts it will be necessary in the future as a result of emotional distress caused by Spokane County's intentional actions. Since Margitan has not required medical treatment or mental health counseling for the emotional distress caused by Spokane County, Margitan will not claim any physical damages and will not present any expert testimony regarding emotional distress. Damages to be determined at trial.

## VII  THIRD CAUSE OF ACTION
### Right to due process of law; 42 U.S.C. § 1983
### Fifth and Fourteenth Amendments to the United States Constitution;
### Article I, § 3 of the Washington State Constitution
(Spokane County Superior Court failing to enter an Order
and secretively closing the case.)

6.1 Margitan realleges and incorporates the allegations set forth in the preceding paragraphs 1 through 5.15 as though fully set forth herein.

COMPLAINT FOR DAMAGES - 37

6.2     Spokane County claims it closed Spokane Superior Court case number 15-200545-1 on December 20, 2019.

6.3     Spokane County Superior Court secretively closed the case.

6.4     Spokane County provided no notice that it intended to close the case.

6.5     Spokane County secretively closed the case so Margitan would not receive notice that the 30 day appeal timeline had started to run.

6.6     Spokane County closed the case without entering an Order on Margitan's CR11 Sanction request against Hannas.

6.5     Spokane County, its employees and agents, owed Margitan a duty under the due process clause of the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, § 3 of the Washington Constitution to protect Margitan's procedural due process. Spokane County deprived Margitan of the principle of fundamental fairness, in Margitan's ability to appeal the State Court's rulings.

6.6     Spokane County Superior Court, affected the rights of Margitan. Spokane County's actions were intentional acts to harm Margitan and aid both Hannas and SRHD in their litigation with Margitan.

6.7     Spokane County, their employees and agents, while acting intentionally under color of law, violated Margitan's due process when it failed to enter an Order on Margitan's CR11 motion.

COMPLAINT FOR DAMAGES - 38

6.8  As a direct and proximate consequence of the acts of Spokane County, its agents and employees, Margitan seeks damages pursuant to 42 U.S.C. § 1983 for violating Margitan's Due Process rights.  Spokane County's violating of Margitan's Due Process rights also negatively affected Margitan's property rights by eliminating Margitan's ability to appeal the Court's decisions. Spokane County actions increased Margitan's legal fees. Margitan is entitled to both compensatory and a garden variety of emotional distress. Margitan's emotional distress is the same as any reasonable person would experience when a government agency has intentionally acted as alleged in this complaint. Margitan received no health care treatment or mental health counseling nor asserts it will be necessary in the future as a result of his emotional distress as a result of Spokane County's intentional actions. Since Margitan has not required medical treatment or mental health counseling for emotional distress that Spokane County intentionally caused Margitan, he will not claim any physical damages and will not present any expert testimony regarding emotional distress. Margitan requests damages to be determined at trial.

## VIII  FOURTH CAUSE OF ACTION
### Right to due process of law; 42 U.S.C. § 1983
### Fifth and Fourteenth Amendments to the United States Constitution;
### Article I, § 3 of the Washington State Constitution
(Spokane County intentionally failing to schedule Margitan's

COMPLAINT FOR DAMAGES - 39

Spokane Superior Court complaint against Hannas)

7.1    Margitan realleges and incorporates the allegations set forth in the preceding paragraphs 1 through 6.8 as though fully set forth here.

7.2    On June 21, 2019, and again on October 24, 2019, Margitan notified Spokane County that Hannas had exited bankruptcy protection. Margitan requested cause No. 15203507-4 to be scheduled. Margitan also notified Spokane County on December 12, 2019 to schedule a judge. Spokane County still ignored Margitan's request. On October 20, 2020, Margitan was forced to occur the legal fees to file a motion so Spokane County would schedule a judge.

7.3    Spokane County, its employees and agents, owed Margitan a duty under the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, § 3 of the Washington Constitution to protect Margitan's procedural due process. Spokane County deprived Margitan of the principle of fundamental fairness in refusing to schedule Margitan's case so that he had the ability to advance his state court proceeding.

7.4    Spokane County's actions were intentional acts to harm Margitan and aid Hannas in their litigation with Margitan.

7.5    Spokane County is the only Court system that Margitan can use to bring his action against Hannas.

COMPLAINT FOR DAMAGES - 40

7.6   Spokane County, its employees and agents, while acting intentionally under color of law, delayed Margitan's Due Process rights when it failed to allow Margitan to advance his action against the Hannas.

7.7   As a direct and proximate consequence of the acts of Spokane County, its agents and employees, Margitan seeks damages pursuant to 42 U.S.C. § 1983 for violating Margitan's Due Process rights.   Spokane County's violating of Margitan's Due Process rights also negatively affected Margitan's property. Spokane County actions increased Margitan's legal fees.   Margitan is entitled to both compensatory and a garden variety of emotional distress. Margitan's emotional distress is the same as any reasonable person would experience when a government agency has intentionally acted as alleged in this complaint. Margitan received no health care treatment or mental health counseling nor asserts it will be necessary in the future as a result of his emotional distress as a result of Spokane County's intentional actions. Since Margitan has not required medical treatment or mental health counseling for emotional distress that Spokane County intentionally caused Margitan, he will not claim any physical damages and will not present any expert testimony regarding emotional distress. Margitan requests damages to be determined at trial.

## IX  FIFTH CAUSE OF ACTION

COMPLAINT FOR DAMAGES - 41

## Unconstitutional taking; 42 U.S.C. § 1983
### Fifth and Fourteenth Amendments to the United States Constitution;
### "Class of one claim"

8.1    The plaintiff realleges paragraphs 1- 7.7 as if fully set forth herein.

8.2    The defendant Spokane County through its intentional acts of failure to provide Equal Protection, Due Process and failure to enforce have taken the useful purpose of Margitan's rental home.

8.3    Spokane County's actions were intentional with the only purpose to aid SRHD and the Hannas in their litigation against Margitan.

8.4    The acts and omissions of Spokane County constitutes a permanent unconstitutional taking of the plaintiff's property interests in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

8.5    As a direct and proximate cause of Spokane County's actions including the unconstitutional permanent taking of plaintiff's property interest, Margitan suffered injuries, including, but not limited to, unwarranted and unnecessary health risks, increased legal fees, loss of rents, reduced use of property, and a garden variety of emotional distress. Margitan's emotional distress is the same as any reasonable person would experience when a government agency has intentionally acted as alleged in this complaint. Margitan received no health care treatment or mental health counseling nor asserts it will be necessary in the future as a result of emotional distress

COMPLAINT FOR DAMAGES - 42

caused by Spokane County's intentional actions. Since Margitan has not required medical treatment or mental health counseling for the emotional distress caused by Spokane County, Margitan will not claim any physical damages and will not present any expert testimony regarding emotional distress.  Damages to be determined at trial.

## X  SIXTH  CAUSE OF ACTION
### FIRST STATE CLAIM OF
### 28 U.S.C. § 1367 - State Law Claim of
## FAILURE TO ENFORCE CODES AND WASHINGTON LAWS

9.1  Margitan realleges, as if fully set forth, each and every allegation contained in the preceding paragraphs 1 through 8.5, and the preceding paragraphs are to read in conjunction with the allegations in this Count. Margitan further alleges as follows:

9.2  Spokane County intentionally chose to ignore all violations on Parcel 2 of short plat 1227-00 owned by Hannas in order to aid Hannas and SRHD.

9.3  On September 4, 2019, Spokane County took an irrational position and informed Margitan that Spokane County has no jurisdiction between the meter at Charles Road and the dwelling. This was such an irrational approach only to harm, and harass Margitan. This irrational approach of Spokane County was in direct violation of Spokane County's duty to

enforce Washington State law, the International Plumbing Code, International Mechanical Code and the International Residential Code.

9.4     Spokane County's new position was directly opposite of Tim Utley's reason he denied Margitan's Certificate of Occupancy on September 4, 2015 because Margitan's drinking water line was within the same easement as Hanna's drain field.

9.5     As a direct and proximate result of Spokane County's intentional actions of failure to investigate and failure to enforce the required codes and laws, Margitan has suffered damages including but not limited to legal expenses and costs related to efforts to have the Hanna drain field and geothermal pipes removed from Margitan's easement, lost rents, remediation costs and a garden variety of emotional distress. Margitan's emotional distress is the same as any reasonable person would experience when a government agency has intentionally acted as alleged in this complaint. Margitan received no health care treatment or mental health counseling nor assert it will be necessary in the future as a result of their emotional distress as a result of Spokane County's actions. Since Margitan has not required medical treatment or mental health counseling for their emotional distress that Spokane County has caused him, Margitan will not claim any physical

damages and will not present any expert testimony regarding emotional distress.  Damages to be determined at trial.

## XI  SEVENTH  CAUSE OF ACTION
### SECOND STATE CLAIM OF
### 28 U.S.C. § 1367 - State Law Claim of
### NUISANCE
(Spokane County actions were injurious to the health and safety of Margitan resulting in Margitan's inability to freely and safely use his property)

10.1  Margitan realleges, as if fully set forth, each and every allegation contained in the preceding paragraphs 1 through 9.5, and the preceding paragraphs are to read in conjunction with the allegations in this Count. Margitan further allege as follows:

10.2  Spokane County's actions were injurious to the health and safety of Margitan. Spokane County's actions were intentionally planned to impede Margitan's safe use of his property, depriving Margitan of his comfortable enjoyment of his property.

10.3  Spokane County intentionally ignored all violations on Parcel 2 of short plat 1227-00 with full knowledge that the County's actions were depriving Margitan of the ability to comfortable enjoyment of his property.

10.4  Spokane County failed to perform its duty, a duty that Tim Utley of Spokane County had told Margitan many times was an everyday part of his job.

COMPLAINT FOR DAMAGES - 45

10.5    Spokane County intentionally failed to perform its duty harming Margitan. Spokane County should have known that its actions would frustrate and aggravate Margitan while also aiding Hannas. Spokane County intentionally failed to enforce health, safety codes and laws that are intended to protect property owners like Margitan. Spokane County knew its actions would prohibit Margitan the use of his property. Spokane County's actions were an intentional act of extreme dislike of Margitan with the intent to harm him while knowingly benefiting SRHD and Hannas.

10.6    As a direct and proximate result of Spokane County's intentional actions of failure to enforce the required codes and laws, Margitan has suffered damages including but not limited to legal expenses and costs related to efforts to have the Hannas' drain field and geothermal pipes removed from Margitan's easement, lost rents, remediation costs and a garden variety of emotional distress. Margitan's emotional distress is the same as any reasonable person would experience when a government agency has intentionally acted as alleged in this complaint. Margitan received no health care treatment or mental health counseling nor assert it will be necessary in the future as a result of their emotional distress as a result of Spokane County's actions. Since Margitan has not required medical treatment or mental health counseling for their emotional distress that Spokane County

COMPLAINT FOR DAMAGES - 46

has caused him, Margitan will not claim any physical damages and will not present any expert testimony regarding emotional distress. Damages to be determined at trial.

## VII  RELIEF REQUESTED

WHEREFORE, Margitan prays for relief as follows:

1.      For a declaratory judgment that Spokane County's actions, policies, practices and conduct as alleged herein violate Margitan's rights under the United States and Washington constitutions and the laws of Washington State, damages to be determined according to proof;

2.      For a declaratory judgment that Spokane County's actions, policies, practices and conduct as alleged herein violate Margitan's Due Process rights under the United States and Washington constitutions, damages to be determined according to proof;

3.      For a declaratory judgment that Spokane County failed to provide Margitan Due Process when it failed to schedule Margitan's complaint causing Margitan loss of his peaceful enjoyment of his property, pain and suffering, damages to be determined according to proof;

3.      For general and compensatory damages for violation of Margitan's federal and state constitutional and statutory rights, lost rents, loss of

COMPLAINT FOR DAMAGES - 47

use of property, pain and suffering, all to be determined according to proof;

4.    For general and compensatory damages related to Spokane County's failure to enforce the International Residential Code, International Plumbing Code, International Mechanical Code and other Codes and Laws all impacting Margitan's property rights, health and safety, damages to be determined according to proof;

5.    For general and compensatory damages for Margitan's increased legal fees all to be determined according to proof;

7.    For damages related to Spokane County's failure to inform SRHD of its failure to enforce WAC 242-272A-0210 resulting in increased legal fees and costs, lost rents, all to be proven at trial;

8.    For reasonable attorneys' fees and costs of suit allowed by law: and;

9.    For such other and further relief as this Court deems just and proper.

Respectfully submitted this 19th day of July 2021.

Allan Margitan Pro Se
PO Box 328
14410 W. Charles Rd.
Nine Mile Falls WA 99026
Telephone: (509) 990-6169
e-mail marginel@aol.com

COMPLAINT FOR DAMAGES - 48