1
2
3
4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   ALLAN MARGITAN, married and
    acting individually,                    NO. 2:22-CV-0173-TOR
8
                        Plaintiff,          ORDER GRANTING DEFENDANT'S
9                                           MOTION TO DISMISS
        v.
10
    SPOKANE COUNTY, a municipal
11  corporation,

12                      Defendant.

13

14      BEFORE THE COURT are Defendant's Motion to Dismiss Pursuant to

15  Rule 12 (ECF No. 13) and Plaintiff's Motion for Hearing with Oral Argument

16  (ECF No. 15).  This matter was initially submitted for consideration without oral

17  argument.  The Court finds oral argument not warranted.  LCivR 7(i)(3)(B)(iii).

18  The Court has reviewed the record and files herein and is fully informed.  For the

19  reasons discussed below, Defendant's Motion to Dismiss Pursuant to Rule 12

20

(ECF No. 13) is **granted** and Plaintiff's Motion for Hearing with Oral Argument (ECF No. 15) is **denied**.

## BACKGROUND

This case concerns Plaintiff's dispute with a neighbor and the associated state court litigation resulting therefrom.  ECF No. 10.  Plaintiff, proceeding *pro se*, brings this action for constitutional violations of the Fifth and Fourteenth Amendments and related state law claims.  *See id.*  On December 1, 2022, Defendant filed the present motion.  ECF No. 13.  The parties timely filed their respective response and reply.  ECF Nos. 14, 16.  The following facts are drawn from Plaintiff's First Amended Complaint and incorporated documents, which are accepted as true for purposes of the present motion.  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

The Margitans and the Hannas both own property within Spokane County Short Plat 1227-00.  ECF No. 10 at 5.  In 2012, the Hannas filed litigation in Spokane County Superior Court against the Margitans to resolve placement of multiple easements within the Plat.  *Id.* at 8, ¶ 3.19; *Margitan v. Spokane Reg'l Health Dist.* (*SRHD*), 192 Wash. App. 1024, *2 (2016) ("*SRHD 1*").  During the course of litigation, the Margitans discovered the Hannas' septic system drain field was located within 40-feet of the Margitans' utilities, including their drinking water line.  ECF No. 10 at 11–12, ¶ 3.43.  Plaintiff reported to SRHD that his

potable waterline ran in close proximity to the Hannas' septic drain field. ECF No. 10 at 12, ¶ 3.46.

In July 2013, the Spokane Regional Health District ("SRHD") and the Hannas entered an agreement that required the Hannas to relocate their septic system upon the conclusion of the litigation or upon an imminent public health risk. ECF Nos. 10 at 13-14, ¶ 3.51; 10-1 at 4-5. In September 2014, Plaintiff sought to have a final inspection of his parcel so he could obtain an Occupancy Permit, which was denied. ECF No. 10 at 14, ¶ 3.53; *Margitan v. Spokane Reg'l Health Dist.*, 4 Wash. App. 2d 1058, *2 ("*SRHD 2*"). The inspection report notes that the Occupancy Permit would be issued once Plaintiff provided evidence from the water purveyor and SRHD that the water line was adequate for residential use. *Id.*; ECF No. 10-1 at 7.

The 2012 case was merged with one of the 2015 cases. ECF No. 10 at 15, ¶ 3.54. A verdict was issued in favor of Plaintiff with an order allowing him to excavate within the easement, but the Hannas appealed the jury verdict. *Id.* at 27, ¶ 3.88; *SRHD 2*, 4 Wash. App. 2d at *3. The Hannas filed for bankruptcy and requested to stay the matters while the verdict was appealed. ECF No. 10 at 27-28, ¶ 3.94; *In re Hanna*, 2018 WL 1770960 (9th Cir. 2018). The Hannas abandoned their non-conforming drain field as of April 28, 2017. ECF No. 10 at 33, ¶ 3.115. The Washington Court of Appeals reversed the trial court judgment. *SRHD 2*, 4

1  Wash. App. 2d at *5. The Superior Court also dismissed the claims against SRHD,

2  which was affirmed on appeal. ECF No. 10 at 17.

3      In October 2017, Plaintiff filed suit against Spokane County and the

4  employees of the Building and Planning Department. ECF No. 10 at 30, ¶ 3.103.

5  Plaintiff raised violations for Spokane County's actions regarding the proximity of

6  the Hannas' drain field encroachment to Plaintiff's water line related to the

7  Certificate of Occupancy dispute. ECF Nos. 13-7, 13-8, 13-9. Plaintiff and

8  Spokane County settled, where Plaintiff agreed to resolve the claims that alleged or

9  which could have been alleged in the litigation in exchange for $155,000. ECF

10 No. 10 at 31, ¶ 3.105. This action was dismissed with prejudice. ECF No. 13-14.

11     In May 2019, Plaintiff excavated within the Hannas' easement, and found

12 his water line within 10 feet of the abandoned drain field. ECF No. 10 at 38–39, ¶

13 3.151. On May 16, 2019, Plaintiff reported his finding to Spokane County. ECF

14 *Id.* at 72, ¶ 4.5. In July 2019, Plaintiff again excavated and damaged pipes

15 servicing the Hannas' geothermal heating system. *Id.* at 39, ¶ 3.153. On July 19,

16 2019, Plaintiff reported his drinking water line was only three and a half feet away

17 from the drain field and that the damp soil smelled like sewer. *Id.* at 72, ¶ 4.6. On

18

19

20

September 4, 2019, Spokane County responded, stating it had no jurisdiction between the utilities meter and Margitan's residence. *Id.* at 73, ¶ 4.9.

In September 2019, the Hannas filed suit against Plaintiff for the damage to the geothermal system, and Plaintiff counterclaimed. ECF No. 10 at 42-43. Plaintiff's counterclaim was dismissed based on *res judicata*, including claims related to the geothermal line. ECF No. 13-3. The same month, Plaintiff filed suit against SRHD in this Court, which was dismissed in 2021 after the parties settled. ECF Nos. 10 at 42, ¶ 3.162; 13-5; 13-6.

On May 13, 2022, Plaintiff filed a tort claim with Spokane County. ECF No. 13-11. On July 19, 2022, Plaintiff filed this suit, raising allegations related to the easement encroachments and related to judicial rulings in the underlying litigation. ECF Nos. 1, 10.

## DISCUSSION

### I.    Motion to Dismiss Standard

A motion to dismiss may be brought for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Court's review of a facial attack is limited to the allegations in the complaint whereas the Court "need not presume the truthfulness of the plaintiff's allegations" in a factual attack and can consider evidence outside the complaint. *Id.* If the

jurisdictional attack is successful, the Court must dismiss the action.  Fed. R. Civ. 12(h)(3).  The party invoking the court's jurisdiction bears the burden of proving its existence.  *Thompson v. McCombe*, 99 F.3d 352, 352 (9th Cir. 1996).

A motion to dismiss may also be brought for a plaintiff's failure to state a claim.  Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences … to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).  That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements."  *Twombly*, 550 U.S. at 555.

As Defendant brings a Rule 12(b)(1) factual attack, the Court considers Defendant's proffered documents, including the underlying state court litigation, which is subject to judicial notice, as well as the settlement agreement.

## II.    Dismissed Claims

As an initial matter, Plaintiff requests the Court dismiss causes of action 3, 4, 5, and 6.  ECF No. 14 at 1.  Therefore, the Court dismisses these claims.

Plaintiff concedes he is not challenging any state court judgments and "only requests this court address the inactions of Defendant which took place September 4, 2019."  *Id.* at 11.  Therefore, the Court addresses this remaining argument as it relates to causes of action 1, 2, 7, 8, and 9.  *See* ECF No. 10.

## III.    Municipal Liability

Under 42 U.S.C. § 1983, a "municipality may not be held liable for the unconstitutional acts of its employees solely on a respondeat superior theory." *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1232 (9th Cir. 2011).  A plaintiff must "identify a municipal policy or custom that caused the plaintiff's injury."  *Id.* at 1233 (quotation marks and citations omitted).

Spokane County is the only defendant in this action.  ECF No. 10.  Plaintiff does not allege a Spokane County policy or custom violated his constitutional rights.  *See id.*  Plaintiff has failed to state any §1983 claim against the County. Therefore, these claims are dismissed.

## IV.    Accord and Satisfaction

Defendant moves to dismiss Plaintiff's claims as barred by accord and satisfaction from the parties' settlement.  ECF No. 13 at 14–16.  Plaintiff claims

the "prior release cannot release Spokane County from its legislative duty. This complaint addresses issues which took place more than one (1) year after Plaintiff released Spokane County on different issues." ECF No. 14 at 2, 5.

A defendant can raise an affirmative defense in a motion to dismiss when the defense is obvious on the face of a complaint. *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). Accord and satisfaction is (1) a bona fide dispute, (2) an agreement to settle that dispute, and (3) performance of that agreement. *Perez v. Pappas*, 98 Wash. 2d 835, 843 (1983). The defendant bears the burden of proving the affirmative defense. *U.S. Bank Nat'l Ass'n v. Whitney*, 119 Wash. App. 339, 350 (2003).

Plaintiff alleges in July 2018, the "Margitans and Spokane County agreed to settle the State dispute prior to trial." ECF No. 10 at 31, ¶ 3.105. In exchange for $155,000.00, the Margitans signed a Release of All Claims for:

> [A]ll claims, costs, attorney fees and damages alleged or which could have been alleged in: (1) Complaint for Damages filed August 29, 2017, (2) Amended Complaint for Damages filed October 11, 2017, and (3) (Proposed) Second Amended Complaint attached to Declaration of J. Gregory Lockwood Re: Substitution of modified Second Amended Complaint for Damages filed June 19, 2018 in Superior Court Cause No. 17-2-03403-1.

ECF No. 13-10 at 2.

Plaintiff maintains the Release did not bar claims for conduct that occurred in 2019. ECF No. 14 at 5. Spokane County's September 4, 2019 decision was in

1   response to Plaintiff's continuing investigation and reports regarding the

2   encroachments and his water line. ECF No. 10 at 10 at 43, ¶ 3.168. The current

3   and underlying allegations relate to Spokane County's duty and actions related to

4   the encroachments near Plaintiff's water line. Plaintiff could have raised these

5   allegations in the original action against Spokane County. Therefore, Plaintiffs'

6   claims are barred by accord and satisfaction.

7   **V.    Statute of Limitations**

8   Defendant moves to dismiss Plaintiff claims on the grounds that they are

9   barred by Washington's statute of limitations. ECF No. 13 at 19–20.

10  In tort actions, the statute of limitations begins to run when the act or

11  omission occurs. *White v. Johns-Manville Corp.*, 103 Wash. 2d 344, 348 (1985).

12  In cases for property damage, a "landowner's claim for damage from contaminated

13  property accrues when he or she becomes aware, or should have become aware,

14  that the property was contaminated." *Mayer v. City of Seattle*, 102 Wash. App. 66,

15  76 (2000) (citation omitted). In Washington, the statute of limitations for nuisance

16  claims is two years. RCW 4.16.130; *Mayer*, 102 Wash. App. at 75.

17  Plaintiff alleges he knew about the encroachment in 2013. ECF No. 10 at

18  12, ¶ 3.47. Plaintiff's first action against Spokane County was in 2017. *Id.* at 30, ¶

19  3.103. Even considering Plaintiff's allegation regarding the September 4, 2019

20

action, Plaintiff's nuisance claim is barred as Plaintiff filed this Complaint on July 19, 2022, ECF No. 1.  Therefore, Plaintiff's nuisance claim is dismissed.

As there are several bases to dismiss Plaintiff's claims, the Court declines to address Defendant's alternative arguments for dismissal.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss Pursuant to Rule 12 (ECF No. 13) is **GRANTED**.

2. Plaintiff's Motion for Hearing with Oral Argument (ECF No. 15) **DENIED**.

3. Plaintiff's claims are **DISMISSED with prejudice**.

The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish copies to the parties, and **CLOSE** the file.

DATED January 26, 2023.



THOMAS O. RICE
United States District Judge